UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
==================================X   DOCKET NO.: 2011 CV 1563
ZULEIKA POLONIA,

                          Plaintiff,

       -against-                       **DECLARATOIN**
                                              **IN SUPPORT OF PLAINTIFF's**
                                                **PARTIAL SUMMARY**
                                                **JUDGMENT MOTION**

ROBERT J. DUNPHY, SUSAN E. NEVINS,
HERTZ VEHICLES, LLC., & HERTZ
CORPORATION,

                          Defendants.
==========================================X

      JOELLE T. JENSEN, ESQ. (JJ7176), an attorney duly admitted to practice in the Federal Court of the State of New York including the Southern District, under penalties of perjury, and pursuant to papers in a file maintained in this office, duly declares under penalty of perjury in accordance with 28 USC §1746 the following:

      1.    I am associated with the firm of DINKES & SCHWITZER, P.C., the attorneys for the plaintiff ZULEIKA POLONIA herein, and as such am fully familiar with the facts and circumstances surrounding this action.

      2.    I respectfully submit this Affirmation in Support of plaintiff's motion, which seeks Summary Judgment on the issue of liability against defendants ROBERT J, DUNPHY (hereinafter referred to within as "DUNPHY") , SUSAN E. NEVINS (hereinafter referred to within as "NEVINS"), HERTZ VEHICLES, LLC., & HERTZ CORPORATION (collectively referred to within as "HERTZ"), pursuant to Fed.R.Civ.P. 56(d) (2).

      3.    This is an action for serious personal injuries sustained by plaintiff, ZULEIKA

POLONIA as a result of a motor vehicle accident on October 25, 2009 in which a vehicle owned by defendant, HERTZ, rented by defendant NEVINS, and operated by defendant DUNPHY, rear-ended plaintiff POLONIA. Plaintiff POLONIA's vehicle was **stopped** at red light when it was **struck in the rear** .

4. As a result of this incident the plaintiff, ZULEIKA POLONIA sustained serious personal injuries to her left shoulder (tear of the supraspinatus tendon with impingement), her cervical spine (herniations of the following discs at C3-4, C4-5, C5-6, C6-7 and radiculopathy),her right wrist (carpal tunnel syndrome), left knee (traumatic contusions and derangement resulting in massive swelling and eechymosis and hematoma causing deformity). Additionally, on March 30, 2010 she was forced to undergo a left shoulder arthroscopy, subacromial decompression with release of the coracoacromial ligament and debridement of the rotator cuff/bursa, labral debridement, partial synovectomy, lysis of adhesions. Annexed hereto as **Exhibit "A"** is a copy of plaintiff's Bill of Particulars detailing the plaintiff's injuries).

5. The action was commenced on November 5, 2010 when a Summons and Complaint was filed in Supreme Court, Kings County annexed hereto as **Exhibit "B"**. Issue was joined with the service of Defendant's Answer on or about December 14, 2010 annexed as **Exhibit "C"**. Plaintiff served a Notice to Admit on or about January 7, 2011 annexed as **Exhibit "D"**. The defendant replied to the Notice to Admit, admitting that Defendant NEVINS rented a vehicle from HERTZ and that DUNPHY operated that motor vehicle with the consent of NEVINS, ( see defendants response to plaintiff's notice to admit dated January 28, 2011 annexed as **Exhibit "E"**.) Thereafter, the Defendants removed the action to Federal Court Southern District of New York pursuant to 28 USC §144(a)(b) 28 USC §322(a) based upon diversity jurisdiction see **Exhibit "F"**.

6. The plaintiff, ZULEIKA POLONIA, testified at a deposition on June 3, 2011.

4

(Annexed hereto as **Exhibit "G"** are copies of relevant pages of plaintiff POLONIA's transcript pp. 16,18,20, 21, 26, 27, 89,90). The testimony of the plaintiff clearly establishes that the vehicle she was operating, was **stopped** for a red light when it was **struck in the rear** by a vehicle operated by defendant DUNPHY, (**Exhibit "G"** p. 16, 18, 20-21). Plaintiff further indicated that while the light was still red, "I stopped there, and then I feeling the—somebody hit me." (**Exhibit "G"** p.18) As a result of the impact the car moved forward "like a few feet, like, 2 or 3 feet maybe" (**Exhibit "G"** p.26). When asked to describe the location of her vehicle in the intersection using the photographs of the accident scene she indicated that her vehicle was the lead vehicle at the red light (**Exhibit "G"**pp.88-89) The property damages was so extensive it was declared " a total loss" (**Exhibit "G"** p.27).

    7. Defendant DUNPHY testified at a deposition on November 29, 2011. (Annexed hereto as **Exhibit "H"** are copies of relevant pages of defendant DUNPHY's transcript, specifically, pp. 38, 42-46,59). The testimony of defendant DUNPHY clearly establishes that the front of the vehicle he was operating struck the rear of the plaintiff's vehicle. (**Exhibit "H"** pp. 43-44) Defendant DUNPHY further indicated that when the impact occurred the plaintiff was stopped at a red light. (**Exhibit "H"** p. 38, 42, 46, 59) While DUNPHT claims that plaintiff changed lanes before contact, he also admits that the plaintiff had been stopped for the light for 30 seconds prior to impact. (Exhibit "H", p. 43).

    8. Defendant NEVINS testified at a deposition on November 29, 2011. (Annexed hereto as **Exhibit "I"** are copies of the relevant pages of defendant NEVINS transcript, specifically, 6,11-14) The testimony of defendant NEVINS establishes that she rented the vehicle and allowed defendant DUNPHY to operate it. (**Exhibit "I"** ) Defendant NEVINS testified that when the accident occurred, she was operating a different vehicle traveling behind defendant DUNPHY in the same

lane of traffic approximately 1 car length behind him and did not strike his vehicle when he stopped on impact with the plaintiff's vehicle. **(Exhibit "I"** pp.11-12)   In fact, NEVINS saw the subject light turn from green to yellow and then to red, and after the light turned to red she heard brakes screeching and the impact between DUNPHY and the plaintiff. **(Exhibit "I"** p. 13)   NEVINS further confirmed that the front of the vehicle operated by DUNPHY struck the rear of the plaintiff's vehicle. **(Exhibit "I"** p. 13-14).

7.   The court may grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also* **Anderson v. Liberty Lobby, Inc.,** 477 U.S. 242, 248, 106 S.Ct. 2505, 91L.Ed.2d 202 [1986].  Even if the parties dispute material facts, summary judgment will be granted unless the dispute is "genuine." *Id.* at 249, 106 S.Ct. 2505. "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient, there must be evidence on which the jury could reasonably find for the [non-moving party]." *Id.* at 252, 106 S.Ct. 2505.

8.   Although "summary judgment is highly unusual in a negligence action, where the assessment of reasonableness generally is a factual question to be addressed by the jury, **King v. Crossland Sav. Bank,** 111 F.3d 251, 259 [2d Cir.1997]," "the mere fact that a case involves a claim of negligence does not preclude a granting of summary judgment" **Cumminskey v. Chandris, S.A.,** 719 F.Supp. 1183, 1186 [S.D.N.Y.1989].

9.   "Under New York law, a rear end collision establishes a prima facie case of liability against the rear vehicle and imposes a duty of explanation on one operator of that vehicle." **Hong v. Maher**, 2004 WL 771127 (No. 02-CV-7825 (RWS)) [S.D.N.Y. April 13, 2004] As the Court in

6

*Hong* held, "A Federal Court sitting in diversity applies the law of the forum state and, in tort actions, New York Courts generally apply the law of the jurisdiction where the tort occurred." *Hong, supra.* As such, New York auto accident law properly governs consideration of a New York personal injury matter. As stated in **_Krysnski v. Chase,_** 707 F.Supp2d 318 [E.D.N.Y 2009]. The presumption of negligence in rear-end motor vehicle cases arises from both common law principles and New York's Vehicle and Traffic Law, both of which establish that any driver approaching another automobile from the rear is bound to maintain a reasonably safe role of speed and control over his or her vehicle, and to exercise reasonable care to avoid colliding with the other vehicle." *Krysnski,, supra;* New York Vehicle Traffic and Law §1129(a), **_Chepel v. Meyers,_** 306 AD2d 235 [2d Dept. 2003]; **_Power v. Hupart_** 260 AD2d 458 [2nd Dept., 1999].

10.     Thus, the following Pattern Jury Instruction and New York's Vehicle and Traffic Law Section 1129(a) applies:

> Pattern Jury Instruction 2:82 in pertinent part states the following:
>
> The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and traffic upon and the condition of the highway. The motorist is required to drive (his, her) car at a sufficient distance behind the car ahead so as to be able to stop without striking the car ahead when the car in front is stopped with due care.
>
> New York Vehicle and Traffic Law Sec. 1129(a) states the following:
>
> The driver of a motor vehicle shall not follow another vehicle more closely that is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.

The defendant failed to adhere to the aforementioned as evidence by his failure to stop prior to rear-ending the plaintiff. In addition, he was traveling too closely and without due regard with respect to the speed of his vehicle. In the instant case, defendant DUNPHY was solely

7

responsible for causing the accident while the plaintiff was free from culpable conduct. No competing inferences could be drawn.

11. The failure to maintain a safe distance between two vehicles, in the absence of an adequate non-negligent explanation, is negligence as a matter of law, **_Aromando v. New York_**, 202 AD2d 617 [2nd Dept 1994]; **_Silberman v. Surrey Cadillac Limousine Service, Inc._**, 109 AD2d 833, [2nd Det. 1985]. A duty of explanation is imposed on the operator who is in the best position to explain whether the collision was due to a reasonable, non-negligent cause. (see **_Higgins, v. Ridgewood Savings Bank_**, 262 AD2d 357, 691 NYS2d 175 [2nd Dept 1999]).

12. Drivers have an ongoing duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident (see **_Johnson v Phillips_**, 261 AD2d 269, 690 NYS2d 545 [1st Dept 1999] citing **_DeAngelis v Kirschner_**, 171 AD2d 593, 567 NYS2d 457 [1st Dept 1991]). In **_Johnson,_** there was testimony that a car was stopped for a few seconds prior to impact with the following vehicle was sufficient, as a matter of law to place sole responsibility for the accident upon the following vehicle. (See also **_Rue v. Stokes_** , 191 AD2d 245 [1st Dept. 1993]. Drivers must maintain safe distances between their cars and cars in front of them and this rule imposes on them a duty to be aware of traffic conditions, including vehicles that stop for traffic conditions including red lights. **_Johnson v Phillips_**, *supra.* It is well established that a rear-end collision establishes a prima facie case of negligence on the part of the operator of the second vehicle. When such a rear-end collision occurs, the injured occupants of the front vehicle are entitled to summary judgment on liability, unless the driver of the following vehicle can provide a non-negligent explanation for the collision (see **_Johnson v Phillips_**, *supra*).

13. In the case at bar, plaintiff has presented sufficient evidence to demonstrate that the vehicle the plaintiff was operating was struck in the rear by the defendants' vehicle while the

plaintiff's vehicle was stopped at a red light-- thus,warranting summary judgment.

16. That based upon the plaintiff's testimony and defendants' testimony at their examination before trials, the pleadings, and the case law and statutes cited herein, there is no viable defense that the defendants could present and the Court should grant the instant motion for Summary Judgment.

18. That since the defendants' negligence was the sole cause of this incident on the issue of liability should be granted.

WHEREFORE, your affirmant respectfully requests that the Court grant the plaintiffs' motion for Summary Judgment on the issue of liability, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
       February 10, 2011

_____
JOELLE T. JENSEN, ESQ. (7176)

TO:
John M. Downing, Jr.
DOWNING & PECK, P.C.
Attorneys for Defendants
17 Battery Place, Suite 709
New York, New York 10004
(212) 514-9190

STATE OF NEW YORK, COUNTY OF NEW YORK

I, Yoko Leong, being sworn, say: I am not a party to the action, am over 18 years of age and reside in Richmond, New York

On February 9, 2012, I served the within **AFFIRMATION IN SUPPORT, STATEMENT OF UNCONTESTED MATERIAL FACTS, AFFIDAVIT OF PLAINTIFF AND EXHIBITS** by filing on ECF, depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

TO:

John M. Downing, Jr.
DOWNING & PECK, P.C.
Attorneys for Defendants
17 Battery Place, Suite 709
New York, New York 10004
(212) 514-9190

_____
Yoko Leong

Sworn to before me on 2/09/11

_____
Notary Public

VERONICA FILYUK
Notary Public, State of New York
Lic. #01FI6237280
Qualified in Kings County
Commission Expires March 14, 20__

10