UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
========================================X

ZULEIKA POLONIA,                                        Docket:
                                                        11-CV-1563

                              Plaintiff,


        -against-                                       REPLY
                                                        AFFIRMATION


ROBERT J. DUNPHY, SUSAN E. NEVINS,
HERTZ VEHICLES, LLC., AND HERTZ
CORPORTATION
                              Defendants.
========================================X

JOELLE T. JENSEN, ESQ., an attorney duly admitted to practice law before the Courts of the State

of New York, pursuant to CPLR 2106, duly affirms the truth of the following:

1.  I am associated with the firm of DINKES & SCHWITZER, P.C., the attorneys for the

    plaintiff ZULEIKA POLONIA herein, and as such, am fully familiar with the facts and

    circumstances surrounding this action.

2.  This declaration is respectfully submitted in reply to defendants opposition papers, as well

    as, in further support of the plaintiff's motion seeking summary judgment on the issue of

    liability.

3.  Plaintiff respectfully submits to this Honorable Court that plaintiff's motion for summary

    judgment on liability should be granted as plaintiff POLONIA  has established a prima facie

    showing of negligence. It is well-settled law that a "rear-end collision with a stopped or

    stopping vehicle creates a prima facie case of liability with respect to the operator of the

    moving vehicle and imposes a duty on that operator to come forward with a non-negligent

    explanation for the collision.  Rainford v. Sung S. Han 18 AD3d  638 (2ndDept. 2005)  to

                                        1

which defendant have failed to rebut with any admissible evidence. The plaintiff has sustained her burden of establishing a prima facie case of negligence by submitting an affidavit stating that her automobile came to a complete stop at a traffic light and that her automobile was then struck in the rear by the defendant's vehicle.

4.  The defendants' explanation that the plaintiff came to a sudden stop for a yellow light after changing lanes does not raise a triable issue of fact for two reasons. Firstly, this argument proffered by defense counsel in his affirmation in opposition is completely belied by  defendant DUNPHY's own sworn testimony that plaintiff had been stopped for the light for 30 seconds prior to contact with his vehicle. (See Exhibit "G" Transcript of DUNPHY p. 43 annexed to plaintiff's moving papers.) Secondly, even if the court considers the argument that plaintiff stopped suddenly for a yellow light, that argument is insufficient in and of itself, to defeat the motion as the plaintiff's stop was for a traffic light and thus, cannot be reasonably characterized as "unanticipated or unexpected" especially since the defendant admitted the impact occurred when the light was red. (Exhibit "G p. 43)  Indeed, the defendant offers no explanation whatsoever why he could not maintain sufficient distance behind the plaintiff's  vehicle so as to avoid contact.

5.  The allegation that the plaintiff acted negligently by stopping for the yellow light is nothing more than a gratuitous  conclusion that is not supported by either the record or the law.  In fact, the plaintiff had a duty to stop for the traffic light, even assuming arguendo that the light was yellow when she arrived at the intersection, she was still within her vehicular rights to stop the vehicle.  With regard to the negligence of stopping for yellow light,  the case of Malone v. Morillo, 6 AD3d 324 (1st Dept. 2004) is directly on point.  In Malone, a plaintiff sustained injuries when his motor vehicle rear-ended the

2

defendant's motor vehicle after it abruptly stopped in a light-controlled intersection. Defendants contended that they were stopped for a red light at the time of the occurrence and the injured party failed to demonstrate a non-negligent explanation for the rear-end collision.   The plaintiff claimed that the defendant's vehicle suddenly stopped in the intersection <u>when the traffic light was yellow.</u>  The Appellate division reversed the lower court and ruled that regardless of whether the defendant stopped for a yellow light, the plaintiff could not provide a non-negligent explanation for striking the defendant's vehicle in the rear because a driver is expected to drive at  a sufficiently safe speed and to maintain enough distance between himself and the cars ahead of him so as to avoid collisions and that the defendant's act of stopping for a yellow light was not unexpected.

6.  Given the fact that defendant DUNPHY testified that plaintiff had been stopped at the light for 30 seconds prior to contact (Exhibit "G" p. 43), contact occurred when the light had changed to red (Exhibit "G" p. 43)  and that plaintiff was in front of his vehicle approximately 20 feet when the light changed from green to yellow (Exhibit "G" p.42), it is clear that plaintiff was in front of defendant's vehicle for the cycle of the yellow light and that  defendant was not being attentive to the driving condition. More importantly, defendants own testimony reveals that he merely presumed that the plaintiff was going to continue through the intersection on the yellow light and the defendant failed to slow his vehicle down or stop in time (Exhibit "G" p. 39)  Even assuming arguendo, that the light was still yellow when the plaintiff arrived at the intersection, the plaintiff did absolutely nothing wrong, illegal or unsafe by stopping the vehicle.

7.  The defendant's reliance on <u>Turani v.  County of Suffolk</u>, 10 NY3d 906 (2008) case is misplaced. In <u>Turani</u> the offending vehicle was operated by a police officer who abruptly

3

decelerated while changing lanes—there is no mention of having to stop for a traffic light.  This can be contrasted with the <u>Malone v. Morillo,</u> supra. wherein the lead vehicle stopped for a yellow light, which could not be characterized as unexplained or unexpected.

8. Because the defendants have offered no evidentiary facts sufficient to overcome the presumption of negligence because of defendant DUNPHY's inability to maintain a safe speed and distance behind the plaintiff's vehicle that was stopped for a traffic light, the motion for summary judgment should be granted in all respects on the liability for the accident.

9. The failure to maintain a safe distance between two vehicles, in the absence of an adequate non-negligent explanation, is negligence as a matter of law (<u>see</u> <u>Aromando v New York</u>, 202 AD2d 617, 609 NYS2d 637 [2nd Dept 1994]; <u>Silberman v Surrey Cadillac Limousine Serv., Inc.</u>, 109 AD2d 833, 486 NYS2d 357 [2nd Dept 1985]).

10. Additionally, drivers have an ongoing duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident (<u>see</u> <u>Johnson v Phillips</u>, 261 AD2d 269, 690 NYS2d 545 [1st Dept 1999] <u>citing</u> <u>DeAngelis v Kirschner</u>, 171 AD2d 593, 567 NYS2d 457 [1st Dept 1991]). It is well established that a rear-end collision establishes a prima facie case of negligence on the part of the operator of the second vehicle. When such a rear-end collision occurs, the injured occupants of the front vehicle are entitled to summary judgment of liability, unless the driver of the following vehicle can provide a non-negligent explanation for the collision (<u>see</u> <u>Johnson v Phillips</u>, *supra*).

11. In the case at bar, plaintiff has presented sufficient evidence to demonstrate that  her vehicle was stopped at the red light when she was struck from behind by the defendants'

4

vehicle, thus it became incumbent upon the defendants to offer a non-negligent explanation for the collision which they failed to do so. (See Diller v City of New York Police Department, 269 AD2d 143, 567 NYS2d 457 [1st Dept 1991]; Agramonte v City of New York, 288 AD2d 75, 732 NYS2d 414 [1st Dept 2001]).

12.    In the instant manner, the defendant has failed to provide any non-negligent explanation for the collision that occurred.  Therefore, pursuant to Vehicle and Traffic Law §1129, defendants are negligent as a matter of law.

WHEREFORE, your declarant respectfully requests that this Court grant the plaintiff's motion for Summary judgment on the issue of liability, together with such other and further relief as this Court deems just and proper

Dated: New York, New York
     April 5,  2011

               Yours, etc.,
               DINKES & SCHWITZER, P.C.

               BY: JOELLE T. JENSEN
               Attorneys for Plaintiff(s)
               112 Madison Avenue
               New York, New York 10016
               (212) 683-3800

TO:
TO:
John M. Downing, Jr.
DOWNING & PECK, P.C.
Attorneys for Defendants
17 Battery Place, Suite 709
New York, New York 10004

(212) 514-9190

DOCKET NO.: 2011-CV-1563

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

==========================================

ZULEIKA POLONIA,

                Plaintiff(s),

     -against-

ROBERT J. DUNPHY, SUSAN E. NEVINS, HERTZ VEHICLE, LLC.,

HERTZ CORPORATION,

                Defendants.

==========================================

REPLY

==========================================

DINKES & SCHWITZER, P.C.

112 Madison Avenue

NEW YORK, N.Y. 10016

212-685-7800

==========================================